UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CATALDO,<br><br>        Petitioner,<br><br>   -against-<br><br>WARREN COUNTY COURT OF COMMON PLEAS,<br><br>        Respondent. | 25-CV-3977 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, who states that he is homeless, brings this *pro se* action which he styles as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and a civil action for damages under 42 U.S.C. § 1983. He sues the Warren County Court of Common Pleas and alleges that his rights were violated in Warren County, Pennsylvania. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Western District of Pennsylvania.

**DISCUSSION**

  Petitioner styles this action, in part, as a petition for *habeas corpus* under 28 U.S.C. § 2254 challenging an "illegal arrest and detention" that occurred in Sugar Grove, Warren County, Pennsylvania in March 2010. (ECF 1, at 1.) He also asserts federal constitutional claims for damages under 42 U.S.C. § 1983. With respect to his claims for *habeas corpus* relief, Petitioner does not allege that he is currently in custody pursuant to a state court conviction. He instead alleges that he is homeless, "on the run," and "in hiding." (*Id.* at 2, 4.) *Habeas corpus* relief therefore does not appear available to Petitioner because he is no longer in custody.[1] *See*

---

[1] Even if Petitioner was considered as being in custody for the purposes of seeking *habeas corpus* relief, nothing in the complaint suggests that he was convicted or sentenced in this

*Fleming v. United States*, 146 F.3d 88, 89-90 (2d Cir. 1998) (per curiam). The Court therefore construes the action as asserting claims under Section 1983.

Venue for claims under Section 1983 is governed by 28 U.S.C. § 1391(b), which states that a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Petitioner alleges that he was unlawfully arrested, deprived of property, and denied a fair trial in Sugar Grove, Warren County, Pennsylvania. The only named respondent, the Warren County Court of Common Pleas, is also located in Warren County, Pennsylvania. Because Respondent is located in Warren County and the alleged events occurred in Warren County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

---

District or that he was confined in this District at the time he filed this action. *See* 28 U.S.C. § 2241(d) (a petitioner challenging his custody under a state-court judgment must file the challenge "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him"); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973) ("Read literally, the language of § 2241(d) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

Under 28 U.S.C. § 1406, if a case is filed in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Petitioner's claims arose in Warren County, Pennsylvania, which is in the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c). Accordingly, venue lies in the Western District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of Pennsylvania, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Pennsylvania. Whether Petitioner should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 23, 2025
        New York, New York

                                                        /s/ Laura Taylor Swain
                                                        LAURA TAYLOR SWAIN
                                                       Chief United States District Judge

---

[2] Petitioner did not pay the filing fees or submit an application to proceed *in forma pauperis*.